IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

LARRY DEAN FRISBIE, JR.,

        Plaintiff,

v.                              CIVIL ACTION NO.  5:14-cv-03836

RITE AID CORPORATION,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment* (Document 3)[1], as well as the accompanying *Memorandum of Law in Support* (Document 4), filed on January 22, 2014. After careful consideration of the complaint and the Defendant's written submissions, the Court finds that the Defendant's motion should be granted in part and denied in part.

      **I.**      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 12, 2013, the Plaintiff filed his *Complaint* in the Circuit Court of Raleigh County, West Virginia. (*See* Document 1-1 at 3.) The Plaintiff claims that he was unlawfully terminated from his employment as a District Manager for the Defendant, Rite Aid Corporation (Rite Aid). (*Id*.) Apparently, the Plaintiff, a fellow Rite Aid employee and another individual were having dinner on the evening of February 21, 2013. (*Id*.) At some point, the Plaintiff sent a

---

[1] The Defendant attaches the following to his motion to dismiss under "Exhibit A": (1) a one-page copy, dated January 22, 2014, of an affidavit from Katrina George, Senior Human Resources Manager for Rite Aid Hdqtrs Corp.; (2) a seven page copy of the Rite Aid Fiscal year 2013 Field Bonus Program Guide; and (3) a three page copy of payroll records from Rite Aid regarding the Plaintiff.

text message to another employee of Rite Aid, David Matt Wyatt, who was not at the dinner.[2] (*Id*.) Mr. Wyatt was under the supervision of the Plaintiff, as Mr. Wyatt was a store manager at the Hinton, West Virginia, store location, which was in the Plaintiff's district. (*Id*.)

As a result of the text message, Mr. Wyatt complained to his superiors at Rite Aid that he had been the victim of harassment. (Document 1-1 at 4.) This complaint triggered an investigation. (*Id*.) On Friday, March 8, 2013, the Plaintiff was told by Brian Dein, the Regional Vice-President of Rite-Aid, that he was being fired due to the harassment complaint. (*Id*.) On March 12, 2013, at 1:37 PM, the Plaintiff received three paychecks totaling $10,017.10.[3] (*Id*.)

As a result of the above, the Plaintiff filed a four-count complaint. Count I alleges a violation of West Virginia Code § 21-5-4(e) because the Defendant did not remit wages owed to the Plaintiff within 72 hours, while Count II claims the same treatment, only it is couched in terms of the Plaintiff's expected bonus, alleged to be $22,152.00.[4] (Document 1-1 at 4-5.) Count III alleges retaliatory discharge because the Plaintiff had complained about certain of Mr. Dein's (unrelated) actions "a year of two earlier," and that Mr. Dein then "seized upon the opportunity of Mr. Wyatt's complaint of harassment to discharge the [P]laintiff." (*Id*. at 5.) Finally, Count IV alleges that Rite Aid, Mr. Wyatt, and Mr. Dein tortuously interfered with the Plaintiff's employment.[5] (*Id*. at 5-6.)

On January 22, 2014, Defendant Rite Aid removed the case to the United States District Court for the Southern District of West Virginia. (*See* Document 1.) The Plaintiff did not file a

---

2      The Court notes that it is unclear based on the complaint and pleadings whether the text messages were explicit in nature.
3      That amount was allegedly for Plaintiff's last regular payday, as well as four weeks of accrued vacation pay. (Document 1-1 at 4.)
4      The Plaintiff seeks treble damages for Counts I and II. (*Id*.)
5      The Court notes that the Plaintiff only named Rite Aid in his suit, and did not include Mr. Dein or Mr. Wyatt.

2

motion to remand or otherwise challenge this Court's jurisdiction. On that same date, the Defendant also filed its *Motion to Dismiss, or in the Alternative, for Summary Judgment* (Document 3), as well as the accompanying *Memorandum of Law in Support* (Document 4). To date, the Plaintiff has not filed any responsive pleading or opposition to the Defendant's motion to dismiss, or in the alternative, motion for summary judgment.

## II. APPLICABLE LAW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id.* Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.) In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.) In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.) "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

### III. DISCUSSION

As an initial matter, the Defendant rests its argument for dismissal of Counts I and II on documents not incorporated by reference within the complaint – namely an affidavit of Katrina George, Senior Human Resources Manager for Rite Aid Headquarters Corporation, copies of payroll records, and a copy of Rite Aid's Field Bonus Program Guide. (*See* Document 4 at 4-6; Exhibit A.) The Court declines the Defendant's invitation to review the instant motion as it applies to Counts I and II through the lens of summary judgment. Rather, the Court will analyze

the Defendant's motion as one for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Court notes that jurisdiction is proper pursuant to 28 U.S.C. § 1332 as the Plaintiff is a resident of Greenbrier County, West Virginia, while the Defendant is a Delaware corporation with its headquarters in Pennsylvania. Further, the amount in controversy exceeds $75,000, exclusive of interest and costs. (*See* Document 1 at ¶¶ 7-11; Document 1-1 at 3; and Document 1-4 at 1-5.)

*West Virginia Wage Payment and Collection Act*

West Virginia Code § 21-5-4 states that, "[w]henever a person, firm or corporation discharges an employee, such person, firm or corporation shall pay the employee's wages in full within seventy-two hours."[6] W. Va. Code § 21-5-4(b). Further, "[i][f a person, firm, or corporation fails to pay an employee wages as required under this section, the person, firm or corporation, in addition to the amount which was unpaid when due, is liable to the employee for three times that unpaid amount as liquidated damages." W. Va. Code § 21-5-4(e).

It is undisputed that the Plaintiff was not paid his wages until March 12, 2013, at 1:37 P.M. (See Document 1-1 at 4.) As mentioned above, the Defendant references an unincorporated document – Rite Aid's payroll records for the Plaintiff – to support its contention that the Plaintiff, while told of his termination on March 8, 2013, was not actually terminated until March 9, 2013, because "Rite Aid did not end [Plaintiff's] compensation, and therefore his employment, until the conclusion of March 9, 2013." (Document 4 at 4-5.) Without resort to the payroll records, the

---

6   W. Va. Code § 21-5-4(b) was subsequently amended, effective July 12, 2013, to reflect that an employer now has until "the next regular payday or four business days, whichever comes first" to pay their discharged employee his wages. W. Va. Code § 21-5-4 (b) (2013). The amendment does not apply to the case at bar, however, as the Plaintiff was allegedly fired on March 8, 2013.

5

Plaintiff has alleged that he was terminated on March 8, 2013, but did not receive his wages until March 12, 2013, at 1:37 P.M., clearly more than seventy-two (72) hours after his termination.

Moreover, the Plaintiff claims that he is also entitled to his annual bonus compensation, and the Defendant only refutes this claim by reference to another unincorporated document – Rite Aid's bonus compensation guide – which dictates that an employee must remain actively employed on the date the bonus is distributed to receive it. (Document 4 at 5-6.) The Plaintiff alleges that he was due his bonus compensation within 72 hours of termination, but that he did not receive it at all. In isolation, without the aid of the unincorporated documents, the Defendant's arguments for dismissal of Counts I and II are without merit.[7] Assuming the allegation to be true, as required at this stage of the litigation, the Defendant is not entitled to dismissal of Counts I and II inasmuch as the Plaintiff has stated claims that are facially plausible.

*Remaining Torts*

The Defendant next argues that the Plaintiff has not stated a claim for relief for retaliatory discharge because as an at-will employee, the Plaintiff's complaint does not allege any violation of a "substantial public policy that Rite Aid allegedly violated in terminating Plaintiff." (Document 4 at 10.) It cites *Harless v. First Nat'l Bank in Fairmont*, 246 S.E.2d 270 (W. Va. 1978) and *Gibson v. Shentel Cable Co.*, 2013 W. Va. LEXIS 129 *17 (2013) as support for this contention. The Defendant interprets the Plaintiff's claim to essentially be that "Rite Aid terminated him because Plaintiff and Mr. Dein did not get along," which, they note, "does not create a cause of action for retaliatory discharge under West Virginia case law." (Document 4 at 10.)

---

7   Again, the Court stresses that it has not considered nor employed the extraneous documents attached to the Defendant's motion for dismissal to arrive at its decision. The same will not hold true for summary judgment, if presented.

6

In West Virginia, there is a presumption of at-will employment unless there is another established, divergent employment relationship. *Williams v. Precision Coil*, 459 S.E.2d 329, 342 n.24 (W. Va. 1995). However, "[t]he rule giving the employer the absolute right to discharge an at will employee must be tempered by the further principle that where the employer's motivation for the discharge contravenes some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by the discharge." *Harless v. First Nat'l Bank in Fairmont*, 246 S.E.2d 270, 275 (W. Va. 1978). Specifically, to recover based on a claim of retaliatory discharge, a plaintiff must demonstrate that:

(1) a clear public policy existed and was manifested in a state or federal constitution, statute, administrative regulation, or in the common law;

(2) dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy;

(3) plaintiff's dismissal was motivated by conduct related to the public policy; and

(4) the employer lacked an overriding business justification for the dismissal.

*Feliciano v. 7-Eleven, Inc.*, 559 S.E.2d 713, 723 (W. Va. 2001). Additionally, the existence of a "'substantial public policy' as articulated in *Harless* is to be construed narrowly." *Washington v. Union Carbide Corp.*, 870 F.2d 957 (4th Cir. 1989) (referencing *Yoho v. Triangle PWC, Inc.*, 336 S.E.2d 204 (W. Va. 1985) for support.)

From these principles, it is clear that the Plaintiff's complaint fails to state a claim for relief that is plausible on its face. Importantly, although the Court must accept the factual allegations contained in the complaint as true, it need not and must not afford the same weight to legal conclusions. Put simply, the Plaintiff claims that he was terminated because he had a poor

working relationship with Mr. Dein and that Mr. Dein used the complaint of harassment against the Plaintiff to fire him. Here, the Plaintiff has not pointed the Court to any substantial public policy that was violated. There is no basis in any federal or West Virginia statute, Constitution or common law to support the claim that a supervisor firing a subordinate because they are unable to work well together violates public policy. *Harless* creates an exception to the rule of at-will employment, but does not otherwise relieve the Plaintiff from at least alleging a violation of a substantial public policy. This Plaintiff has not done so, and as a result, has failed to state a claim upon which relief can be granted in Count III.

The Defendant also argues that the Plaintiff's claim for tortious interference with an employment relationship fails as a matter of law. The Defendant lists the elements underpinning a claim for tortious interference, and states that the Plaintiff has not implicated a party outside of the relationship that intentionally interfered with the employment relationship. (Document 4 at 11.) Put simply, the Defendant claims it cannot be liable for any tortious interference with its own contract.

In West Virginia, a plaintiff must show the following to establish a prima facie case for tortious interference:

> (1) existence of a contractual or business relationship or expectancy;
>
> (2) an intentional act of interference by a party outside that relationship or expectancy;
>
> (3) proof that the interference caused the harm sustained; and
>
> (4) damages.

*C.W. Development, Inc., v. Structures, Inc. of West Virginia*, 408 S.E.2d 41 (W. Va. 1991) (citing *Torbett v. Wheeling Dollar Sav. & Trust Co.*, 314 S.E.2d 166, Syllabus Point 2 (W. Va. 1983)).

Even if a Plaintiff establishes a prima facie case for tortious interference, the Defendant may nonetheless rely on a privilege, justification, and/or any affirmative defenses. *Id.* "It is impossible for one party to a contract to maintain against the other party to the contract a claim for tortious interference with the parties' own contract." *Shrewsbery v. National Grange Mut. Ins. Co.*, 395 S.E.2d 745, 747 (W. Va. 1990).

Here, the only parties to the lawsuit, Mr. Frisbie and Rite Aid, were also the only parties to the contractual relationship or expectancy – Plaintiff's at will employment with the Defendant. As such, the Plaintiff has failed to state a cognizable claim because Rite Aid, as party to the contract, cannot be liable when an element of the tort requires interference by a party outside of the relationship. *See Hatfield v. Health Management Associates of West Virginia*, 672 S.E.2d 395 (W. Va. 2008).

## CONCLUSION

Wherefore, after careful consideration and based on the findings herein, the Court does hereby **ORDER** that the *Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment* (Document 3) be **DENIED** in part and **GRANTED** in part. The Court specifically **ORDERS** that the claims contained in **Counts III** and **IV** be **DISMISSED WITHOUT PREJUDICE**, and that the claims contained in **Counts I** and **II** remain pending.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 30, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA