**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

LARRY DEAN FRISBIE, JR.,

          Plaintiff,

v.                            CIVIL ACTION NO.   5:14-cv-03836

RITE AID CORPORATION,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Motion for Summary Judgment* (Document 15)[1]

and *Memorandum of Law in Support of Defendant's Motion for Summary Judgment* (Document

16).   After careful consideration of the complaint and the Defendant's written submissions, the

Court finds that the Defendant's motion should be granted.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court previously summarized the factual and procedural history surrounding this

matter in its *Memorandum Opinion and Order* (Document 10) entered on April 30, 2014.   For

clarity and ease of reference, the Court provides the following abbreviated summary.

---

[1]    Defendant Rite Aid attaches the following as an exhibit to its Motion for Summary Judgment: (1) a three
page copy of payroll records relating to the Plaintiff, various dates (Exhibit A, Document 15-1 at 1-3); (2) an eight
page copy of the deposition of Larry Dean Frisbie, Jr., dated October 21, 2014 (Exhibit B, Document 15-1 at 4-11); (3)
a four page copy of emails, various dates (Exhibit C, Document 15-1 at 12-15); and (4) a seven page copy of Rite Aid's
Fiscal Year 2013 Field Bonus Program Guide, undated (Exhibit D, Document 15-1 at 16-22.)

On December 12, 2013, the Plaintiff filed his *Complaint* in the Circuit Court of Raleigh County, West Virginia.  (*See* Document 1-1 at 3.)   The Plaintiff claims that he was unlawfully terminated from his employment as a District Manager for the Defendant, Rite Aid Corporation (Rite Aid).   (*Id*.)   Count I of the complaint alleges a violation of West Virginia Code § 21-5-4(e) because the Defendant did not remit wages owed to the Plaintiff within 72 hours, while Count II claims the same treatment relative to the Plaintiff's expected bonus, alleged to be $22,152.00.[2] (*Id*. at 4-5.)   Count III alleges retaliatory discharge because the Plaintiff had complained about certain of Mr. Dein's (unrelated) actions "a year of two earlier," and Mr. Dein then "seized upon the opportunity of Mr. Wyatt's complaint of harassment to discharge the [P]laintiff."   (*Id*. at 5.) Finally, Count IV alleges that Rite Aid, Mr. Wyatt, and Mr. Dein tortuously interfered with the Plaintiff's employment.   (*Id*. at 5-6.)

On January 22, 2014, Defendant Rite Aid removed the case to the United States District Court for the Southern District of West Virginia.   (*See* Document 1.)   The Plaintiff did not file a motion to remand or otherwise challenge this Court's jurisdiction.   On that same date, the Defendant also filed its *Motion to Dismiss, or in the Alternative, for Summary Judgment* (Document 3), as well as the accompanying *Memorandum of Law in Support* (Document 4).   On April 30, 2014, this Court issued its *Memorandum Opinion and Order* (Document 10) granting the Defendant's motion to dismiss as to Counts III and IV.   Importantly, the Court did not consider an unreferenced and unincorporated document to the complaint—Rite Aid's payroll records for the Plaintiff—in relation to Counts I and II at that time because the Court analyzed the Defendant's motion under Rule 12(b)(6), rather than Rule 56 of the Federal Rules of Civil Procedure.   (*See* Document 10 at 4-5.)

---

2        The Plaintiff seeks treble damages for Counts I and II.   (*Id*.)

2

The Defendant filed its *Motion for Summary Judgment* and its *Memorandum of Law in Support* on October 27, 2014.   To date, the Plaintiff has not filed a response in opposition or otherwise opposed the instant motion.[3]

## II.      STANDARD OF REVIEW

The well-established standard for consideration of a motion for summary judgment is that summary judgment should be granted if the record, including the pleadings and other filings, discovery material, depositions, and affidavits, "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014).   A "material fact" is a fact that could affect the outcome of the case.   *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010).   A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor.   *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23.   When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party.   *Hoschar*, 739 F.3d at 169.   However, the nonmoving

---

3        The Court notes that the Plaintiff, likewise, did not file a response in opposition or otherwise oppose the earlier filed motion to dismiss.   (*See* Document 10 at 3.)

3

party must satisfy its burden of showing a genuine factual dispute by offering more than "[m]ere speculation" or a "scintilla of evidence" in support of its position. *Anderson*, 477 U.S. at 252; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250.   On the other hand, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element … necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## III.    DISCUSSION

There is little to discuss in this case as there is no genuine dispute as to a material fact and Rite Aid is entitled to judgment as a matter of law.   The Defendant argues that it is entitled to summary judgment because the uncontested documents, testimony and evidence reveal that it fully complied with West Virginia Code §§ 21-5-4 and § 21-5-1.   West Virginia Code § 21-5-4 states that, "[w]henever a person, firm or corporation discharges an employee, such person, firm or corporation shall pay the employee's wages in full within seventy-two hours."[4]   W. Va. Code § 21-5-4(b).   Further, "[i][f a person, firm, or corporation fails to pay an employee wages as required under this section, the person, firm or corporation, in addition to the amount which was

---

[4]        W. Va. Code § 21-5-4(b) was subsequently amended, effective July 12, 2013, to reflect that an employer now has until "the next regular payday or four business days, whichever comes first" to pay their discharged employee his wages.   W. Va. Code § 21-5-4 (b) (2013).   The amendment does not apply to the case at bar, however, as the Plaintiff was allegedly fired on March 8, 2013.

unpaid when due, is liable to the employee for three times that unpaid amount as liquidated damages."   W. Va. Code § 21-5-4(e).

Rite Aid argues that while the Plaintiff received notice of his discharge on March 8, 2013, Rite Aid left him on its payroll through March 9, 2013.   Thus, Rite Aid argues that the Plaintiff received his "final pay at 1:37 p.m. on March 12, 2013," or within 72 hours of the "conclusion of the parties' employment relationship."   (Document 16 at 7.)   Rite Aid argues that its position is supported by the reasoning contained in *Eddy v. Biddle*, 2013 U.S. Dis. LEXIS 1463 (N.D.W. Va. 2013).

The Court agrees, and finds that the Plaintiff continued to earn compensation after his notice of discharge on March 8, 2013, specifically, through March 9, 2013.   Thus, when the Defendant tendered final wages to the Plaintiff on March 12, 2013, at 1:37 p.m.,[5] it was within the 72 hours prescribed by law and not a violation of W. Va. Code § 21-5-4(b).   The Plaintiff has failed to meet his burden of producing evidence indicating a dispute as to any fact material to this issue.   Defendant Rite Aid is entitled to judgment as a matter of law with respect to Count I of the Plaintiff's complaint.

Rite Aid next argues that it is entitled to summary judgment with respect to Count II of the Plaintiff's complaint or the claim alleging that he should have been paid his annual bonus.   West Virginia Code § 21-5-1(l) defines "fringe benefits" as "any benefit provided an employee or group of employees by an employer, or which is required by law, and includes . . . production incentive bonuses, sickness and accident benefits and benefits relating to medical and medical coverage." W. Va. Code § 21-5-1(1).   "Fringe benefit" is expressly included in the definition of "wages" that

---

5       The Court notes that during his deposition, the Plaintiff agreed that he was paid his final wages on March 12, 2013, clearly within 72 hours of March 9, 2013.   (*See* Document 15-1 at 8.)

must be paid at discharge.   *Id.*   It follows then that when an employee is discharged or otherwise terminated, he is due his wages within 72 hours, and this includes any fringe benefits or bonus. The Court notes, however, that W. Va. Code § 21-5-1(c) also dictates that "nothing herein shall require fringe benefits to be calculated contrary to any agreement between an employer and his employees which does not contradict the provisions of this article."   *Id.*

Rite Aid argues that "the terms surrounding this fringe benefit (bonus), however, make clear that to vest entitlement to payment, the employee must 'receive an Overall Annual Performance Rating of Competent or higher and remain actively employed on the date the bonus is distributed.'"   (Document 16 at 8) (one internal quotation omitted) (citing Field Guide.)   Rite Aid stresses that the Plaintiff is not entitled to receive the bonus because he "fail[s] to meet those criteria."   (Document 16 at 8.)   It notes that the Plaintiff admits that he received an overall "Needs Development" rating for his 2012 evaluation, the most recent performance evaluation preceding the March discharge, and further, he was not "actively employed on the date the bonus [wa]s distributed."   (*Id.*)(citing Document 15-1 at 10.)   Rite Aid, therefore, stresses that the Plaintiff was not due his bonus or fringe benefit because he did not meet the criteria set forth in its Field Guide.   Again, the Plaintiff has not responded to the motion for summary judgment, and therefore, has not contested any of the facts or evidence presented by Rite Aid.

The Court finds that the Plaintiff has no entitlement to the bonus because he did not receive an overall performance rating of competent or higher, and further, he was not actively employed on the date the bonus was distributed.   Thus, Rite Aid did not violate W. Va. Code 21-5-4(b) and is entitled to judgment as a matter of law with respect to Count II of the Plaintiff's complaint.

In sum, when viewed against W. Va. Code §§ 21-5-4 and 21-5-1, the deposition testimony of the Plaintiff, Rite Aid's payroll records and Field Guide make it clear that Rite Aid is entitled to judgment as a matter of law.

## CONCLUSION

Wherefore, after careful consideration and based on the findings herein, the Court **ORDERS** that the Defendant's Motion for Summary Judgment (Document 15) be **GRANTED.** The Court further **ORDERS** that this matter be **DISMISSED WITH PREJUDICE** and **REMOVED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        December 2, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

7